UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JERRY L. EARNEST,

    Plaintiff,

v.

BOARD OF EDUCATION OF JASPER COUNTY
COMMUNITY UNIT SCHOOL DISTRICT NO.1;
ANDREW D. JOHNSON, Superintendent; Board of
Education Members: JON FULTON, President;
GORDON MILLSAP, Vice President; HOLLY
FARLEY, Secretary; MANDY RIEMAN;
MELISSA STANLEY; and ROB STREET,

    Defendants.

Case No. 17-cv-1380-JPG-SCW

## MEMORANDUM AND ORDER

This matter comes before the Court on the defendants' motion to dismiss plaintiff Jerry L. Earnest's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Doc. 11). Earnest has responded to the motion (Doc. 17), and the defendants have replied to that response (Doc. 18).

**I.    Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

*EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "[I]t is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

## II. Facts

Viewing all factual allegations in the Complaint as true and drawing all reasonable inferences in Earnest's favored, the Complaint establishes the following facts for the purposes of this motion. The Court is careful to limit these facts to those pled in the Complaint to the exclusion of the additional un-pled facts asserted in the briefs.

Earnest was elected to and began serving his four-year on the Board of Education of Jasper County Community Unit School District No. 1 ("Board") in April 2015. At all times relevant to this lawsuit, defendant Jon Fulton was president of the Board, and defendant Andrew D. Johnson was superintendent of the district.

On February 23, 2017, the Board informed Earnest that he would no longer have access to confidential information provided to the rest of the Board. The restriction was of indefinite duration and was to continue until Fulton and Johnson, in their discretion, decided to end it. Without confidential information regarding the district's finances and personnel matters, Earnest was unable to make informed decisions about important questions before the Board and consequently was unable to effectively discharge his duties as a Board member or represent the

2

constituents who elected him. He was also embarrassed and humiliated and suffered emotional distress because he was called on to vote on matters about which he was not fully informed. No hearing was held either before or after the restriction on confidential information was imposed. Earnest was not formally removed from the Board.

In Count I of his Complaint, Earnest alleges that by restricting him from receiving confidential information without a hearing, he was deprived of a liberty interest in effectively serving his constituents. In Count II he seeks a declaration that stripping him of his ability to perform in his elected office deprived him of his liberty interest in serving on the Board. He asserts these deprivations occurred without the appropriate procedures in violation of the Fourteenth Amendment Due Process Clause.

The defendants ask the Court to dismiss Earnest's Complaint because he fails to allege a liberty interest protected by the Fourteenth Amendment, there is an adequate post-deprivation state law remedy that would provide due process, and the matter presents a political question that the Court should refrain from considering. Earnest suggests he was deprived of his liberty interest in pursuing his occupation as an effective Board member, although he was not technically removed from the post, and was defamed by the Board's public actions.

## III.     Analysis

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. 14. This clause encompasses the guarantee of fair procedures before an individual is deprived of a protected liberty or property interest. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). To properly allege a procedural due process claim based on the deprivation of a liberty interest, a plaintiff "must sufficiently allege (1)

3

that [he] had a cognizable liberty interest under the Fourteenth Amendment; (2) that [he] was deprived of that liberty interest; (3) and that the deprivation was without due process." *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013). Thus, "[t]he first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'" *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 59 (1999). If there was such a deprivation, the Court then must ask whether the process accorded was appropriate. *Id.*

Earnest has pled that he has been deprived of his liberty interest in effectively serving his constituents when he was not provided information required for him to make fully informed decisions. However, he has not pointed to any caselaw, and the Court has been unable to independently locate any, establishing a liberty interest in receiving confidential information for use at a school board meeting.

The closest thing to a liberty interest that Earnest alleges in his Complaint is related to damage to his reputation. However, it is well settled that damage to reputation alone is not a protectable liberty interest. *Paul v. Davis*, 424 U.S. 693, 712 (1976). "Rather, it is only the alteration of legal status, such as government deprivation of a right previously held, which, combined with the injury resulting from the defamation, justif[ies] the invocation of procedural safeguards." *Hinkle v. White*, 793 F.3d 764, 768 (7th Cir. 2015) (internal quotations omitted). In the employment context, this is often called the "stigma plus" test. *Mann*, 707 F.3d at 878. "Defamation alone, even if it renders it 'virtually impossible for the [individual] to find new employment in his chosen field,' . . . thus is not enough to invoke the procedural safeguards of the Fourteenth Amendment." *Hinkle*, 793 F.3d at 770 (quoting *Townsend v. Vallas*, 256 F.3d 661, 670 (7th Cir. 2001)). The Court of Appeals for the Seventh Circuit has found "stigma plus" test

4

helpful in non-employment situations. *See Dupuy v. Samuels,* 397 F.3d 493, 509-10 (7th Cir. 2005).

Earnest has pled that he was embarrassed by his uninformed votes. He has not, however, alleged anything plausibly suggesting he suffered any change in his legal rights or status or any harm such as being unable to file new employment in his chosen field. Even if his embarrassment was the result of some public disclosure that damaged his reputation, it is simply not enough to establish the deprivation of a liberty interest under the "stigma plus" test. Thus, as the Complaint is currently pled, Earnest has not made any allegation plausibly suggesting he has a right to relief for deprivation of a protectable liberty interest.

However, the Court believes Earnest may be able to plead the deprivation of a property interest—his right to the elected position of Board member to which he is entitled under 105 ILCS 5/10-5. *See Manley v. Law*, 204 F. Supp. 3d 1019, 1026 (N.D. Ill. 2016) (noting protectable property interest in seat on Board of Education). While Earnest still continued to serve as a Board member and was still able to vote on matters, a number of which likely did not involve any confidential information, he may be able to allege facts showing he was *effectively* prevented from acting as a Board member, even if not *technically* removed or suspended from the Board. For example, if the Board were to have barred Earnest from entering on the property where the Board meetings were held, he would technically still have held his position, but he would effectively have been prevented from serving. The Court believes that may have amounted to a deprivation of his right to serve on the Board. In this case, whether Earnest was effectively removed from his position would depend on the degree of the impairment of his Board service from the confidential information restriction. Because it appears he may be able to allege facts amounting to a

5

deprivation of a property right, the Court finds it advisable to give him another chance to plead his case.  Accordingly, the Court will dismiss the Complaint without prejudice but will allow a reasonable time for Earnest to file an amended pleading.

In light of the dismissal of Earnest's complaint for failure to allege a protectable liberty interest, the Court declines to address the other arguments raised by the defendant in support of dismissal of Earnest's complaint.

## IV. Conclusion

For the foregoing reasons, the Court:

- **GRANTS** the defendants' motion to dismiss (Doc. 11);

- **DISMISSES** the Complaint **without prejudice**; and

- **ORDERS** that Earnest shall have up to and including May 25, 2018, to file an amended complaint.

**IT IS SO ORDERED.**
**DATED:   April 30, 2018**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**