UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY L. EARNEST,<br><br>  Plaintiff,<br><br>v.<br><br>BOARD OF EDUCATION OF JASPER COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO.1; ANDREW D. JOHNSON, Superintendent; Board of Education Members: JON FULTON, President; GORDON MILLSAP, Vice President; HOLLY FARLEY, Secretary; MANDY RIEMAN; MELISSA STANLEY; and ROB STREET,<br><br>  Defendants. | Case No. 17-cv-1380-JPG-GCS |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the bill of costs (Doc. 56) and supporting affidavit (Doc. 57) filed by defendants Board of Education of Jasper County Community Unit School District No.1, Andrew D. Johnson, Jon Fulton, Gordon Millsap, Holly Farley, Mandy Rieman, Melissa Stanley, and Rob Street. Plaintiff Jerry L. Earnest has objected to the bill of costs (Doc. 60), and the defendants have responded to that objection (Doc. 61).

On March 4, 2019, after granting the defendant's motion for summary judgment (Doc. 54), the Court entered judgment in their favor (Doc. 55). On April 30, 2019, the defendants submitted their bill of costs seeking payment in the amount of $1,361.60 for the cost of five deposition transcripts. In the supporting affidavit, the defendants' counsel attests that the deposition items listed in the bill of costs are correct and were necessarily incurred in defending the case. Earnest objects because the bill of costs was filed nearly two months after entry of judgment, not within fourteen days of judgment as required by Federal Rule of Civil Procedure 54(d)(2)(B)(i) for claims for attorney's fees, and otherwise in a dilatory manner. He claims that

the defendant's failure to file its bill of costs in a timely manner impacted his decision not to file a notice of appeal of the Court's judgment. Importantly, Earnest has no objection to the substance of the bill, just to its timing. The defendants reply that there is no time limit for filing a bill of costs, and it is acceptable to wait until after an appeal to file the bill.

Costs allowed to be taxed are set forth in 28 U.S.C. § 1920, and, unless mandated by another authority, the Court has discretion to decide whether an award of costs is appropriate, *Chesemore v. Fenkell*, 829 F.3d 803, 816 (7th Cir. 2017). Ordinarily costs are awarded as a matter of course to the prevailing party. Fed. R. Civ. P. 54(d)(1); *Krocka v. City of Chi.*, 203 F.3d 507, 518 (7th Cir. 2000) (noting presumption that prevailing party is entitled to costs).

The Court exercises its discretion to award costs as requested by the defendants. The defendants are correct that Rule 54(d) sets no deadline for filing a bill of costs, *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 307 (7th Cir. 1995), and that no court order or local rule establishes any deadline, *see* SDIL Local Rule 54.2. Despite the lack of a deadline, however, an unreasonable delay may be a factor the Court considers in exercising its discretion to deny all or part of a costs award. But the delay in this case was not unreasonable. Where there is no deadline, it is well-established that a party may wait until after an appeal to file a bill of costs. *See, e.g., Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 221 (7th Cir. 1988) (noting "where no local rule sets a time limit for filing a bill of costs, Rule 54(d)—which does not include any specific time limit—allows a prevailing party to wait until after appeal to file its bill") (citing *Popeil Bros. v. Schick Elec., Inc.*, 516 F.2d 772, 777 (7th Cir. 1975) ("Bills of costs are usually presented after appeals.")). If a party can wait until after an appeal to file a bill of costs, in a case where there is no appeal, it is surely reasonable to wait a few weeks after the appeal period has passed. That is what happened in this case, and the

Court will not find that delay unreasonable.

Earnest has offered no other reason to justify denying costs to the defendants. The Court finds the defendants are prevailing parties, have requested costs that are allowed under 28 U.S.C. § 1920(2), have appropriately supported their request with an affidavit as required by 28 U.S.C. § 1924, and are therefore entitled to the costs they seek. Accordingly, the Court **DIRECTS** the Clerk of Court to tax costs in favor of the defendants in the amount of $1,361.60.

**IT IS SO ORDERED.**
**DATED:   June 3, 2019**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**